**George HELO; Ned Helo, Plaintiffs— Appellants,**

v.

**EQUILON ENTERPRISES, LLC, a Delaware limited liability company dba Shell Oil Products US, Defendant— Appellee.**

No. 03–56489.

D.C. No. CV–03–02022–PA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2005.

Decided April 6, 2005.

Thomas P. Bleau, Gennady L. Lebedev, Bleau, Fox & Fong Associates, Los Angeles, CA, for Plaintiffs–Appellants.

David A. Destino, Nigel E. Jacques, Baker & Hostetler LLP, Los Angeles, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, PREGERSON, and TROTT, Circuit Judges.

## MEMORANDUM *

Appellants, George and Ned Helo (the Helos), appeal the district court's grant of summary judgment to Appellees, Equilon Enterprises, LLC (Equilon). The Helos allege that Equilon breached a contract for the sale of real property when Equilon refused to approve assignment of an indemnity provision. The Helos contend the refusal violated the implied covenant of good faith and fair dealing under California law. The implied covenant, however, is to assure compliance with the express terms of the contract. It should not create obligations beyond those contemplated in the contract. *Racine & Laramie, Ltd. v. Cal. Dep't of Parks & Recreation*, 11 Cal. App.4th 1026, 1032, 14 Cal.Rptr.2d 335 (1992). Thus, "where the contract is unambiguous, the express language is to govern." *Third Story Music, Inc. v. Waits*, 41 Cal.App.4th 798, 808, 48 Cal.Rptr.2d 747 (1995) (quoting *Gerdlund v. Elec. Dispensers Int'l*, 190 Cal.App.3d 263, 277–78, 235 Cal.Rptr. 279 (1987)).

Here, the contractual provision at issue stated that Equilon could withhold its consent to an assignment "for any reason

---

whatsoever." Equilon stated reasons for its refusal to consent. The district court was correct when it determined that there was no breach of contract.

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.